## Kentucky Tax Commission et al. v. Tube Turns, Inc.

June 14, 1940.

William B. Ardery, Judge.

Hubert Meredith, Attorney General, and William F. Neill, Assistant Attorney General (Robert E. Hatton, of counsel), for appellants.

Edward P. Humphrey, Marvin H. Taylor and Alex P. Humphrey for appellee.

John K. Skaggs, Jr., and Lewis C. Carroll, amicus curiæ.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Narrowly stated, the question presented for decision by this appeal is the qualifying effect, if any, of the word "asset" when used as an adjective preceding the word "value" in Section 4189-2, Kentucky Statutes, which reads as follows:

"Every corporation shall pay an annual license tax of seventy cents on each one thousand dollars of that part of the asset value of its capital stock represented by property owned and business transacted in this state, which shall be ascertained by finding the proportion that the property owned and business transacted in this state bears to the aggregate amount of property owned and business transacted in and out of this state.

"Provided, that such corporation may pay at said rate upon the entire asset value of its capital stock; and in that event it shall not be required to report as in Subsection b of Section 4189-3 hereof. And its failure so to report shall be deemed conclusive evidence that such corporation elects to pay upon the entire asset value of its capital stock, and it shall be its duty so to do, and the duty of the state tax commission so to fix its license tax accordingly."

Broadly stated, the question is whether, as so qualified, "value" includes "good will" calculated by capitalizing earnings according to recognized formulas so as to authorize its consideration by the taxing authorities in determining the value of capital stock for license tax purposes.

The question arises in this manner:

On April 14, 1938, the appellee, a Kentucky corporation, filed a corporation license tax return on the prescribed form for the year 1937, showing the book value

of its assets to be $148,152.03 on which it elected to pay the license tax of 70c per $1,000, the alternative permitted by Section 4189-2, Kentucky Statutes, rather than upon "that part of the asset value of its capital stock represented by property owned and business transacted in this state." Hence the return did not separate the items, but, in addition to the book value of the assets, merely showed the amount of the gross sales during the year, the cost of goods sold, the amount of the payroll, and the net income, the latter item amounting to $579,994.34. Thus computed, the tax amounted to $104.50. The Department of Revenue, pursuant to a regulation issued by it on April 18, 1938, and revised on May 27th, determined that the tax should be imposed upon a valuation of $1,234,539.02, arrived at by adding to the corporation's averaged capitalized income for a period of five years a net worth of $148,152.03, and dividing the sum by two. As thus computed, the tax amounted to $864.18, and, following an unsuccessful appeal to the Tax Commission, the appellee instituted this proceeding by filing a petition in the Franklin Circuit Court against the Tax Commission, the Department of Revenue, and the Commissioner of Revenue. To this petition, which properly raised the question for decision, the taxing authorities demurred, and upon their demurrer being overruled, the court entered a judgment adjudging that the assessment, in so far as it was based on a valuation in excess of $148,152.03, was void. This appeal followed.

The appellee does not question the correctness of the formula employed by the taxing authorities in computing the value of its "good will," nor do the appellants question the accuracy of appellee's statement that the book value of its assets on December 31, 1937, was $148,152.03. The appellants do not claim to possess the power to adopt a rule permitting the assessment of values not contemplated by the statute, and hence, the questions may be posed as at the outset of this opinion.

It is argued by counsel for the appellants that since, by the provisions of Section 4189-3, Kentucky Statutes, a corporation is required to report the total value of all property owned and used by it, the value of its capital stock as reported to the federal taxing authorities and the amount of the tax last paid thereon, together with "such other facts bearing on proper taxation as the tax

commission may require," it is evident that it was not the intention of the Legislature to impose the licnese tax merely upon the net worth of the corporation's tangible assets; and emphasis is laid upon the provisions of Paragraph (d) of Section 4189-3:

"It shall be the duty of the state tax commission, from such reports and from such additional information as it may require, to ascertain and fix the fair value on an asset basis of that part of the capital stock of such corporations upon which the license tax shall be based, as herein provided, and to fix the license tax of such corporations at the rate hereinbefore prescribed. The state tax commission may in any case require such additional information as it may deem necessary to enable it to perform its duties herein; and it shall be its duty to notify every such corporation of the amount so assessed."

But here again we are confronted with the word "asset" in the description of the "basis" of the tax, and at least part of the information which the Commission is given power to elicit is necessary to the ascertainment of the tax where a corporation elects to pay on that portion of its capital stock value represented by property located and business transacted in Kentucky. Furthermore, there is nothing in the act which requires that the Commission accept the valuation placed by the corporation on its tangible assets and the information referred to would be valuable to the Commission whenever it desired to contest the figures shown in the corporation's report.

In their comprehensive brief, counsel for appellants cite many authorities from other states in which the corporate license tax is referred to as a franchise tax, and in which it is emphasized that the value of good will should be taken into consideration in establishing the value of a corporation's assets for license tax purposes. Tangible property which may not be taxed, as well as the income from tax exempt securities, are properly includable as items of value in establishing a measure for the imposition of privilege or license taxes. Hamilton Manufacturing Co. v. Massachusetts, 6 Wall 632, 18 L. Ed. 904; Pacific Co. v. Johnson, 285 U. S. 480, 52 S. Ct. 424, 76 L. Ed. 893. Thus appellants' counsel answer the argument of appellee's counsel that since the good will of private corporations, as distinguished from

public service corporations, is not subject to an ad valorem tax, (Commonwealth et al. v. Kentucky Distilleries & Warehouse Co., 132 Ky. 521, 116 S. W. 766, 21 L. R. A., N. S., 30, 136 Am. St. Rep. 186, 18 Ann. Cas. 1156) the value of good will can form no part of the basis for the imposition of a license tax. But none of the authorities cited by either of the parties is conclusive, since the question before us is not what the Legislature may or should do in establishing a basis for the computation of corpoiate license taxes.

It may be true that in constructing an ideal measure for corporate license taxes, good will should be included among the assets to be valued where value is the basis for the tax; but the question here is what the Legislature actually intended by the language which it employed. Presumably it purposely used the term "asset value" instead of "value"; probably to distinguish the method of computing the license tax from the method of computing the ad valorem franchise taxes imposed by Section 4077, Kentucky Statutes, upon the intangible values of public service corporations, and to exclude "market value" and its intangible components such as "good will" from consideration. The statute was enacted in 1926; and the fact that, prior to the adoption of the departmental rule referred to, the Department did not include good will among the assets to be valued in calculating the license tax, except where the corporation itself carried good will as an asset of value on its books, affords an additional argument against our reaching the conclusion contended for by the appellants. Commonwealth et al. v. Kentucky Distilleries & Warehouse Co., supra.

We have not overlooked the fact that the 1940 Legislature amended Section 4189 and several of its subsections by eliminating the word "asset" wherever it appeared preceding the word "value," and making other changes. It might have been argued that the 1940 Act is expressive of the true legislative intent prevailing at the time the previous statute was enacted; but, we cannot assume that in 1926 it was the intention of the Legislature to exact what amounts to a franchise tax from corporations not exercising special privileges. On the contrary, we are convinced that in enacting Section 4189 in 1926, the Legislature employed the words "asset value" in the sense of "tangible value" as distinguished

from "market" or "earning" value, from which it follows that the judgment of the trial court was correct.

Judgment affirmed.

Whole Court sitting, except Judge Rees.

Judge Cammack dissenting.